IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO. 7-18-CV-329 |
| | § | |
| 65.791 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN HIDALGO COUNTY, | § | |
| STATE OF TEXAS; AND THE ROMAN | § | |
| CATHOLIC DIOCESE OF | § | |
| BROWNSVILLE, TEXAS, ACTING BY | § | |
| AND THROUGH ITS BISHOP, THE | § | |
| MOST REVEREND DANIEL E. FLORES | § | |
| AS BISHOP OF THE ROMAN CATHOLIC | § | |
| DIOCESE OF BROWNSVILLE, AND FOR | § | |
| HIS SUCCESSORS IN OFFICE, ET AL., | § | |
| | § | |
| *Defendants* | § | |

## DEFENDANT ROMAN CATHOLIC DIOCESE OF BROWNSVILLE ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANT **ROMAN CATHOLIC DIOCESE OF BROWNSVILLE** (hereinafter at times referred to as "Defendant") and files this its original answer under authority of Rule 71.1(e)(2) of the Federal Rules of Civil Procedure to the UNITED STATES OF AMERICA's Complaint in Condemnation, Declaration of Taking and Notice of Condemnation and in support thereof would respectfully show as follows:

### RESPONSES TO COMPLAINT IN CONDEMNATION (DOCUMENT 1)

1.  Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2.      Defendant admits the allegations in section 2, subject to its objections and defenses hereinafter.

3.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 3.

4.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 4.

5.      Defendant owns the full fee simple absolute title and estate in all of the two tracts of land involved in this condemnation action, by a deed recorded in the Deed Records of Hidalgo County, Texas, filed for record on October 12, 1999 as document number 814019 on tract RGV-MCS-2212.  As for tract RGV-MCS-2217, Defendant owns this property also.  For it reference is made to the foregoing property deed.  The reference to document number 2011-2219429 recorded on July 1, 2011 in the Deed Records of Hidalgo County is a legal description reflecting the total acreage of 39.89 acreage tract taken out of the larger tract.  The 39.89 acre tract was transferred to San Juan Diego Catholic Regional High School a Texas nonprofit corporation.  But it appears that on Schedule D the aerial map that the proposed take for temporary possession is the approximately 61 acre tract still owned and retained by the Diocese.  Therefore to the extent that the reference to deed document number 2011-2219429 may be erroneous in that it does not actually describe the property owned by the Defendant Roman Catholic Diocese of Brownsville but in fact is identifying a second piece of property which Defendant understands would not be part of any temporary possession.

6.      To the extent that number six requires an answer, Defendant objects to the extent that said proposed condemnation and temporary taking does not justly compensate Defendant for all the land being affected by the temporary taking and does not compensate adequately.   Said temporary assignable easement and possession also will clearly interfere with the Defendant uninterrupted right to continue to use the chapel for mass and other religious worship, and the other facilities there on RGV-MCS-2212.  Among the other facilities is a park leased by the City of Mission. As noted in said lease in Section 4 "Purposes" "The primary purpose of the lease is the preservation and care of the chapel, bakery, well and approximately one acre of ground on which these are situated as a religious shrine and historical monument (those are on the premises leased) in accordance with La Lomita Mission Preservation Plan…".  Defendant further objects and relies on all its defenses set out herein after.

7.      To the extent that number seven requires an answer, Defendant objects to the extent that said proposed condemnation and temporary taking does not justly compensate Defendant for all the land being affected by the temporary taking and does not compensate adequately for its take.  Said temporary possession also will

clearly interfere with the uninterrupted right to continue to use the chapel for mass and other religious worship, and the other facilities there on RGV-MCS-2212.

8.    Defendant asserts that it is the undivided fee simple owner of all the land affected by this condemnation suit.   However Defendant again shows that the legal description reflected for tract RGV-MCS-2217 appears to be wrong and covers the property where the San Juan Diego Catholic Regional High School is located which property was not meant to be covered by this condemnation suit for temporary possession.   There is a lease for the City of Mission dated March 12, 2007, which expires on March 12, 2032 on tract RGV-MCS-2212.

9.    To the extent an answer is required, Defendant again claims a full fee simple absolute undivided interest in all the property affected.   In tract RGV-MCS-2212 claims a full fee simple absolute undivided interest in all the property affected and what is outlined in the aerial map on RGV-MCS-2217 but which legal description is not accurate as noted herein above.   Defendant again claims a full fee title in the approximately 65.791 acres.

## RESPONSES TO THE DECLARATION OF TAKING (DOCUMENT 2)

1.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 2.

3.    Defendant admits the allegations in section 3 as it pertains to tract RGV-MCS-2212, the 4.781 acres.   However, there is no legal description for the tract RGV-MCS-2217, the approximately 61 acres. The legal description on the Second Schedule C is for the land transferred by Defendant to the San Juan Diego Catholic Regional High School.

4.    Defendant admits the allegations in section 4.

5.    Defendant owns a full absolute undivided fee simple estate in all of the land involved in this condemnation action, by a deed recorded in the Deed Records of Hidalgo County, Texas filed for record on October 12, 1999 as document number 1999-814019 for tract RGV-MSC-2212.   And as for tract RGV-MCS-2217, Defendant owns this property also reflected on the aerial photograph (Second Schedule D).   For it reference is made to the property deed and document number 1999-814019.

6.    Defendant denies that the sum estimated is just compensation for the temporary assignable easement being sought or condemned.   Defendant asserts that the just compensation is much greater and that the Plaintiff has not taken into the account

the entire effect on the entire tracts of 65.791 acres being sought to be temporarily taken.    Pursuant to Rule 71.1(h)(1)(B), Federal Rules of Civil Procedure, Defendant requests a trial by jury to establish the just and fair compensation for the land of 65.791 acres being temporarily taken or sought and for damages that may result from the temporary take.

7.      Defendant asserts that it is absolute undivided fee simple owner of all the land affected by this condemnation suit.    There is a lease to the City of Mission on tract RGV-MCS-2212.    To the extent that the Hidalgo County Tax Assessor Collector or other tax bodies should be notified, then same can occur.    Defendant would again show that the aerial photograph reflecting tract RGV-MCS-2217 would be land owned by the Defendant Roman Catholic Diocese of Brownsville but the legal description and document number reflected for it appears to be wrong.

8.      Defendant admits that efforts were made to agree the acquisition of the property interest sought.    However, because of the activities on the property RGV-MCS-2212 being used as a chapel for religious services and other religious activities Defendant believes all this was not taken into consideration in seeking the temporary possession.    RGV-MCS-2217 is next to San Juan Diego Academy Catholic High School.    This is a Catholic High School and activities that could take place on tract RGV-MCS-2217 would impact the school.

### DEFENDANTS' OBJECTIONS AND DEFENSES

Pursuant to Rules 71.1(e)(2) Defendant sets out all the following as objections and/or defenses to the complaint in condemnation and declaration for taking of a temporary assignable easement on the entire 26 acres. Defendant would show the following:

1.      To the extent that the proposed declaration of taking for survey and temporary possession conflicts with the First Amendment of the United States Constitution and the Defendant's property and the uninterrupted right of Defendant to free exercise of its Religion, Defendant objects to the taking.    The First Amendment to the Constitution of the United State of America which was ratified effective December 15, 1791 reads in part as follows: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof"… Even the proposed temporary taking will certainly impede or interrupt the Defendant's right to exercise its freedom of religion.    Defendant would further assert that there can be no waiver of the First Amendment right concerning the right to exercise its freedom of religion.    Defendant would show that it is what is called a public juridic person under the Code of Canon Law of the Roman Catholic Church. *See Canons 113 and 114*.    The purpose of a Diocese is to do the mission of the church as set out in the Code of Canon Law.    Purposes as noted in Canon Law 114 pertain to works of piety, of the apostolate or of charity, whether spiritual or temporal.    Within a Diocese, the Diocesan Bishop is responsible for

the care of the Diocese and possesses all the ordinary, proper and immediate power which is required for the exercise of his pastoral office within the Diocese. *See Canons 376 and 381*.  The Diocesan Bishop represents his Diocese in all juridic affairs.  *See Canon 393*.

Answering further, Defendant would show that La Lomita Chapel is a sacred building destined for divine worship to which the faithful have a right of access for divine worship, especially its public exercise.  *See Canon 1214*.  Any restriction or interference with the Diocese and its faithfuls abilities to use the Chapel would be in conflict with the Canon Law of the Roman Catholic Church.  This Court's subject matter jurisdiction over this suit may require the interpretation and application of principles of Canon Law of the Roman Catholic Church.  The First Amendment of the United States Constitution, as applied to the States by the Fourteenth Amendment, provides that Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof U.S. Const. Amends I, XIV.  Thus, the Constitution mandates that government and religion remain separate, and forbids the government from interfering with the right of hierarchical religious bodies to establish their own internal rules and regulations in certain situations.  *See Serbian E. Orthodox Diocese v. Millivojevich,* 426 U.S. 696, 708-09, 724-25, 96 S. Ct. 2372, 2380, 2387-88, 49 L.Ed.2d 151 (1976).  Specifically, the First Amendments Religion Clauses protect the right of religious organizations to control their internal affairs.  *Cannata v. Catholic Diocese of Austin*, 700 F. 3d 169, 172 (5th Cir. 2012).  The First Amendment's establishment and free exercise clauses together radiate a spirit of freedom for religious organizations, and independence from secular manipulation or control, that places matters of church government and administration beyond the purview of civil authorities.  *McClure v. Salvation Army*, 460 F.2d 553, 559-60 (5th Cir. 1972) (citations omitted).  The church autonomy afforded under the Constitution protects the ability of religious organizations to be free from state interference in matters of church government.  *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (internal quotations omitted).  To the extent that Plaintiff's action will interfere in matters of church government involving that sacred building, Defendant relies on the foregoing case law to prevent such interference.

2.      To the extent that the National Historic Preservation Act 54USCA section 300101, et.seq. requires federal agencies to decide if their projects may adversely impact a historic property and cultural resource, and to the extent that the Act applies herein, Defendant objects and requests that the Court require the Plaintiff Government to comply with all aspects of this or any other statutes concerning any activities that the Plaintiff may be allowed to perform on the proposed area to be taken for temporary possession.  Located on tract RGV-MCS-2212 is La Lomita Chapel which is part of the La Lomita Historic District.  The original La Lomita Chapel was built in or about 1865 by the Oblate Fathers.  This property was transferred to the Defendant Roman Catholic Diocese of Brownsville in 1999

by the deed document number 1999-814019 noted herein above.  This chapel is on the National Register of Historic Places.  It has been a place of worship and used by the Catholic faithful for more than 153 years.

3.       To the extent that the proposed declaration of taking violates the Religious Freedom Restoration Act of 1993 codified at 42 USC section 2,000bb through 42 USC section 2,000bb-4 also known as RFRA, the Defendant would object to the taking.  In connection with this the Defendant would show that on tract RGV-MCS-2212 it has a chapel where mass and other Catholic religious services are conducted.   The proposed temporary taking would significantly impact these religious activities.  The proposed area to be surveyed is within a few feet of the chapel noted herein above.

4.       Defendant objects to the extent that the public purpose for which the interest in the property is being taken exceeds the statutory authorization in Title 8 USCA, section 1103(b) and note.  Upon information and belief that statute provides for reinforced fencing and also provides for the installation of additional physical barriers, roads, lighting, cameras, and sensors to gain operational control of the southwest border.   To the extent that said public purpose noted by Plaintiff exceeds or contradicts the statute and does not define related structures, Defendant objects.  Plaintiff has identified public purpose in Section 4 of the Complaint in Condemnation; and Schedule B attached to the complaint and the Declaration of Taking and Notice.

5.       The amendments of Public Law 110-161, Div E, Title V, § 564, 121 Stat. 2090, (enacted December 26, 2007) require that the construction of fencing by situated "along the border".  Defendant objects to the taking of its land since it is neither situated on or adjacent to the U.S. – Mexico border as defined by Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas,* 62 F. Supp. 181, 194 (S.D. Tex.1945) and the Supreme Court in *U.S. v. Louisiana,* 363 U.S. 1, 36, 48; 80 S. Ct. 961; 4 L.Ed. 2d 1025 (1960).  Defendant asserts that Plaintiff does not have authority under the enabling statute to condemn Defendant's property because it is outside of the scope of the property authorized for condemnation by Congress.  Answering further because of the extremely closed proximity to some of the buildings in question to the areas to be surveyed it would almost be impossible to place any "related structures" on the Defendants property.  Therefore, Defendant requests that it be clarified what the other "related structures" are.

6.       To the extent that the waiver published in the Federal Register on October 11, 2018 submitted by the Department of Homeland Security waiving several federal statutes including various environmental statutes, Defendant objects to the extent that this waiver could be in non compliance with federal law.  Further to the extent that any Court was to issue an injunction or restraining order against said waiver and requiring the compliance with the various federal statutes listed in said

waiver submitted as document citation 83FR51472 found at pages 51472-51474 of the Federal Register and reflected as documents number 2018-22063, Defendant would join In any such request for injunction relief.

7.  To the extent that the waiver published in the Federal Register on October 11, 2018 waives several statutes involving historical preservation acts possible burial grounds or archeological sites, Defendant objects to the extent that this waiver can be in noncompliance with Federal Law this would be specially true involving tract RGV-MCS-2212 which as noted previously has had a chapel and other structures there since at least 1865 and burials and other activities may have taken place during this great expanse of years which should necessitate compliance with all such statutes before any activities are allowed to take place on tract RGV-MCS-2212.

8.  To the extent that the Plaintiff may not have complied with all federal statutes before declaring a public purpose, Defendant objects.

9.  Plaintiff has failed to clearly identify whether its offer takes into consideration or provides any damages separately to that portion of the property being used by the Plaintiff, for its survey and other activities.

9.  That the Plaintiff has failed to provide just and adequate compensation for the land of 65.791 acres being temporarily taken.

10.  That the Plaintiff has failed to adequately consult under the consultation clause of the note to Title 8 USCA, section 1103.  Said negotiations should be a condition prior to entry onto the property after the taking has been completed.  Defendant acknowledges that the Plaintiff's representatives consulted with the Defendant and its attorney. As a result of these discussions there should of have been no request for a temporary taking based on the religious activities that take place on the property, the residence, library and other structures.

11.  To that extent that parts of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Title 42 USCA, sections 4601, et. seq. may apply that the Plaintiff be required to comply with those provisions, before any temporary possession or taking of a temporary assignable easement is allowed.

12.  That any order of possession be done in compliance with Title 40 USCA, section 3114.

13.  In the alternative, that the Court fix the time and the exact terms on which the Plaintiff may take possession of the Defendant's property.  In connection with this, there is a chapel where mass and other Catholic religious services are conducted.  This tract RGV-MCS-2212 is where the city of Mission has a lease. There is also a park there maintained by the City of Mission where various types

of activities take place.  As for tract RGV-MCS-2217 this property is adjacent to property that was transferred to Juan Diego Catholic Regional High School and which operates as a Catholic High School.  There are students on campus and Defendant would ask that in the alternative that if the Court was to grant possession that restrictions be put on what activities can take place because of the proximity to the school and at what times.

14.    Defendant requests a trial by jury as noted hereinabove pursuant to Rule 71.1(h)(1)(b) of the Federal Rules of Civil Procedure to determine, just compensation of the 65.971 acres of land temporarily taken.

15.    Defendant has not been provided with any documentation as to how the Plaintiff arrived at the value in the offer or deposit made and Defendant objects to said offer.

16.    Answering further, Defendant reserves all rights it may have under Title 28 USCA, section 2412, the Equal Access to Justice Act to recover attorneys fees for the condemnation.  Also see USA vs. 329.73 acres of land, et. al., 704 F 2d 800(5th Cir.1983, en banc)

17.    Defendant also reserves its right to receive additional interest on any final award of compensation as provided for in Title 40 USCA, section 3116.

18.    Defendant reserves its right to receive all adequate written notices which may be required before any entry on to the Defendant's land, which are being sought. And in connection with this ask Defendant asks for that to be part of any terms and conditions in any order of possession.  This is especially important in light of the activities taking place.

19.    Public Law 110-161, Div E, Title V, § 564, 121 Stat. 2090, (enacted December 26, 2007), requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, *local governments*, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which such fencing is to be constructed."(*emphasis added*) Plaintiff has failed to conduct meaningful consultation with the representatives of Defendant's community prior to filing this complaint in condemnation.  Plaintiff's failure to conduct meaningful consultation deprives Plaintiff of any authority to engage in temporary possession and condemnation of Defendant's property at this time.

20.    To the extent that the condemnation at this time does not conform with the Uniform Appraisal Standards for Federal Land Acquisitions, Defendant objects.

21.    To the extent that the proposed condemnation has failed to comply with all the guidelines set out of the Department of Homeland Security's Brochure entitled

Acquiring Real Property for Border Security Infrastructure in Support of the Secure Border Initiative, Defendant objects.

22.     Defendant further reserves the right to file additional objections or defenses to the temporary taking by the Plaintiff, United States of America if circumstances change, or any amendments are filed by the Plaintiff.

WHEREFORE, Defendant Roman Catholic Diocese of Brownsville requests that:

1.      Judgment be rendered denying Plaintiff's right to condemn and obtain a temporary assignable easement or for any other purpose on Defendant's above-referenced property of 65.791 acres, more or less.

2.      In the alternative, if the property of 65.791 acres is taken under a temporary assignable easement then this Honorable Court consider all the objections and defenses set out hereinabove, before granting possession and place reasonable limitations on said temporary possession.

3.      Defendant be allowed recovery of its expenses for attorney fees in defending against this condemnation action pursuant to the provisions therefore in the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) if applicable and to the Equal Access to Justice Act, Title 28 USCA, section 2412, if applicable.

4.      The Court grant Defendant such other and further relief as the Court deems proper.

5.      Defendant requests a trial by jury, pursuant to Rule 71.1(h) (1) (B) on the issue of just and adequate compensation.

Respectfully submitted,
**ROMAN     CATHOLIC     DIOCESE     OF BROWNSVILLE, Defendant**


By:     */s/ David C. Garza*
        **David C. Garza (Attorney in charge)**
        Texas State Bar No. 07731400
        Southern District of Texas ID No. 3778
        dgarza@garzaandgarza.com
        GARZA & GARZA, L.L.P.
        680 East St. Charles, Suite 300
        P.O. Box 2025
        Brownsville, Texas  78522-2025
        Telephone: (956) 541-4914

Fax: (956) 542-7403
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2018, I electronically filed the foregoing original answer by Defendant with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record and that I emailed a copy to the following:

**John A. Smith III**
Assistant United States Attorney
Southern District of Texas No. 8638
Texas Bar No. 18627450
One Shoreline Plaza
North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Tel.: (361) 888-3111
Fax: (361) 888-3234
Email: jsmith112@usdoj.gov

**Megan Eyes**
Assistant United States Attorney
Southern District of Texas No. 3135118
Florida Bar No. 0105888
1701 W. Bus. Hwy. 83, Suite 600
McAllen, Texas 78526
Tel.: (956) 548-2554
Fax: (956)h 548-2776
Email: megan.eyes@usdoj.gov

_____ /s/ ***David C. Garza*** _____
David C. Garza