IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff,* § § v. § 65.791 ACRES OF LAND, MORE OR § LESS, SITUATE IN HIDALGO COUNTY, § STATE OF TEXAS; AND THE ROMAN § CATHOLIC DIOCESE OF § BROWNSVILLE, TEXAS, ACTING BY § AND THROUGH ITS BISHOP, THE § MOST REVEREND DANIEL E. FLORES, § AS BISHOP OF THE ROMAN CATHOLIC § DIOCESE OF BROWNSVILLE, AND FOR § HIS SUCCESSORS IN OFFICE, ET AL., § § *Defendants.* § | | CASE NO.   7:18-CV-329 |

---

**UNITED STATES OF AMERICA'S REPLY
IN SUPPORT OF ITS MOTION FOR ORDER OF IMMEDIATE POSSESSION**

---

Plaintiff United States of America respectfully submits this Reply in Support of its Motion for Order of Immediate Possession (Doc. 10). In its Supplemental Brief in Opposition (Doc. 26), Defendant Roman Catholic Diocese of Brownsville ("Defendant" or the "Diocese") reiterates its defenses and objections as alleged in *United States v. 26.000 Acres of Land, More or Less, Situate in Hidalgo County, State of Texas, and the Pharr Oratory of St. Philip Neri of Pontifical Rite, a Texas Non Profit Corporation*; Civil Cause No. 7:18-cv-303 ("Pharr"), (Doc. 12); Plaintiff reasserts its responses to Defendant's defenses and objections in *Pharr* (Doc. 20). Additionally, Defendant's Supplemental Brief in Opposition (Doc. 26) admits that the government acquisition— a temporary easement to conduct surveying and site assessment—and possession in this case can

1

occur pursuant to the Declaration of Taking "without imposing a substantial burden on the Diocese's exercise of its religious beliefs." Doc. 26 at 7.  Rather, Defendant describes the historical and religious significance of its property as well as its opposition to the government project in general, neither of which are a defense to the taking or grounds to deny the government's motion for immediate possession.  Accordingly, the Court should grant the United States' Motion for Order of Immediate Possession so the government may proceed with surveying and site assessment to determine the best course for securing the United States/Mexico border in this location.

## ARGUMENT

### I.     Defendant Concedes that the Taking will not Violate RFRA.

The Religious Freedom Restoration Act ("RFRA") provides persons certain protections from government actions that substantially burden the exercise of religion.  42 U.S.C. 2000bb-1(b).  RFRA only applies, however, where the government action compels a person to act or refrain from acting in a manner that "substantially burdens" their exercise of religion.  *Henderson v. Kennedy*, 253 F.3d 12, 16 (D.C. Cir. 2001) ("Given these representations, plaintiffs cannot claim that the regulation forces them to engage in conduct that their religion forbids or that it prevents them from engaging in conduct their religion requires."); *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) ("In order to be considered a 'substantial' burden, the government action must 'significantly inhibit or constrain conduct or expression that manifests some central tenet of a [person's] individual [religious] beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion.'") (citations omitted); *see also* Doc. 26 at 6 ("As the Supreme Court has held, RFRA provides protections against government efforts to *compel* religious individuals and entities to participate in activities that are contrary to their sincerely held

beliefs, where that compulsion results in a substantial burden on religious exercise.") (emphasis added).

Here, the Diocese readily admits that in the instant taking of a temporary easement (1) "no affirmative action will be required of the Diocese if the Court grants the Motion for Immediate Possession" and (2) the Court may grant the motion for possession "without imposing a substantial burden on the Diocese's exercise of its religious beliefs." Doc. 29 at 6-7. Rather, the Diocese argues that it cannot *consent* to possession. Doc. 26 at 7. Consent to the transfer of possession is not required under the Declaration of Taking Act, however, 40 U.S.C. § 3114(d) ("On the filing of a declaration of taking, the court . . . may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner[.]"), nor will the Court's granting of the motion compel Defendant's consent. Defendant therefore concedes that the taking of the temporary easement in this case does not violate RFRA, and the Court should grant the government's motion for possession as a result.

**II.        Defendant's Objection to the Government Project on Religious Grounds is not a Defense to the Taking.**

The only permitted challenges to a taking are (1) whether the acquisition was authorized by Congress (2) for a public purpose. *United States v. 162.20 Acres of* Land, 639 F.2d 299, 303 (5th Cir. 1981) ("The sole defense which may be raised against the condemnation itself is that of lack of authority to take in the petitioner."); *see also Berman v. Parker*, 348 U.S. 26, 32-33, 35 (1954) ("[T]he legislature, not the judiciary, is the main guardian of the public needs to be served by social legislation . . . . This principle admits of no exception merely because the power of eminent domain is involved.") (concluding that public purpose is determined based on the project as a whole, not parcel by parcel).

The Diocese does not challenge the authority for the taking as set forth in Schedule A of the Declaration of Taking or that securing the border is a public purpose.[1] Defendant's stated objection is that the "proposed border wall is fundamentally inconsistent with Catholic values." Doc. 26 at 2. In other words, Defendant objects to the government project itself, not its authorization, and such an objection is not a valid defense to the taking. Defendant's remedy instead lies with the legislature, which authorized the project. Defendant has not raised a valid defense to the taking or transfer of possession, and the Court should grant Plaintiff's Motion for Immediate Possession.

### III. Defendant's Objection to a Future, Permanent Taking is not Ripe.

The Diocese's second assertion relates to an anticipated, permanent acquisition, arguing that if the proposed border infrastructure is completed, it will substantially burden its exercise of religion. Doc. 26 at 2. However, a challenge to a future condemnation is not ripe for adjudication. *Chacon v. Granata*, 515 F.2d 922, 924-25 (5th Cir. 1975), *cert. denied*, 423 U.S. 930 (1975) (holding that a challenge to government action as the first step in an anticipated condemnation was not ripe "without some diminution in the owner's rights of use"). A preliminary challenge is not ripe because "[u]ntil taking, the condemnor may discontinue or abandon his effort." *Danforth v. United States*, 308 U.S. 271, 284 (1939).

As Defendant admits, the government has not finalized the nature of any permanent acquisition or how the Diocese may be accommodated; in fact, that is a primary purpose of the temporary easement acquired in this case. Doc. 26 at 5 ("[T]he Government has not provided any official confirmation of its plans."); *id.* ("It has not yet been decided how the La Lomita chapel will be accommodated.") (citing statement by U.S. Customs and Border Protection); *id.* ("CBP has

---

[1] Declaration of Bishop Daniel E. Flores ¶ 6 ("I recognize that the United States has the right to protect its sovereignty by reasonable means and to secure its borders; this is recognized in Catholic teaching.")

represented in other informal conversations with community members that La Lomita will not be removed, and that there will be a gate in the border wall to allow access [to] the chapel . . . ."); *id.* at 10 ("[T]he Government has informally indicated that it might allow access to La Lomita through a gate in the border wall"). If and when the government seeks to acquire a permanent interest in Defendant's property, the United States will consult with Defendant regarding the Diocese's needs. At this early planning stage, however, it is impossible to determine the full nature of the acquisition that may be required for the project, and Defendant's challenge is premature.

**IV.     Even if Defendant's Challenge to a Permanent Taking is Ripe, RFRA is not a Defense to Federal Eminent Domain.**

Eminent domain is an innate right of the sovereign, limited only by the Fifth Amendment requirement that just compensation be paid or as otherwise constricted by the legislature. *United States v. Carmack*, 329 U.S. 230, 236-37 (1946) ("The power of eminent domain is essential to a sovereign government. If the United States has determined its need for certain land for a public use that is within its federal sovereign powers, it must have the right to appropriate that land."); *Albert Hanson Lumber Co. v. United States*, 261 U.S. 581, 587 (1923) ("The power of eminent domain is not dependent upon any specific grant; it is an attribute of sovereignty, limited and conditioned by the just compensation clause of the Fifth Amendment."); *Bauman v. Ross*, 167 U.S. 548, 574 (1897) ("The right of eminent domain . . . 'is the offspring of political necessity, and is inseparable from sovereignty unless denied to it by its fundamental law.'"). Neither the First Amendment nor RFRA supersede this inherent right. *See e.g. Prater v. City of Burnside*, 289 F.3d 417, 428 (6th Cir. 2002) ("The Free Exercise Clause . . . does not entitle a religious organization to special benefits. . . . Accordingly, the City's refusal to abandon the dedicated public roadway in favor of the Church did not, in and of itself, burden the Church's rights under the Free Exercise Clause."); *see also United States v. Petty Motor Co.*, 327 U.S. 372, 376 (1946) (holding that

5

condemnation proceedings are *in rem*, not *in personam*). Congress has the power to limit the sovereign right of eminent domain to protect individual rights, but it declined to do so in RFRA. There are no cases upholding a challenge to federal condemnation on RFRA grounds.

Defendant cites only *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855 (2d Cir. 1988), in which the City of Yonkers sought to condemn property owned by St. Joseph's Seminary and College pursuant to New York eminent domain law and a consent decree with the U.S. Department of Housing and Urban Development.[2] The Seminary challenged the taking under the First Amendment, arguing that the acquisition was not necessary for the project given alternative sites. *Id.* at 870. Unlike federal eminent domain, where the necessity of the taking of a specific tract is not subject to judicial review, *Berman v. Parker*, 348 U.S. at 36 ("It is not for the courts to oversee the choice of the boundary line nor to sit in review on the size of a particular project area. Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch."), the consent decree in *Yonkers* limited the use of eminent domain to instances where "necessary." *Yonkers Racing Corp.*, 858 F.2d at 859. *Yonkers* is further distinguishable because unlike acquisitions for a housing project, acquisitions to secure the United States/Mexico border must by their very nature be in close proximity to that border—the realm of alternative sites is severely and inherently limited.

---

[2] The court's decision in *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855 (2d Cir. 1988) predates RFRA.

**V.   Defendant alleges the legal description for Tract RGV-RGC-2217 in Schedule C of the Declaration of Taking (Doc. 2 at 15) is incorrect because the description erroneously references Deed #2011-2219429, recorded on July 1, 2011, in the Deed Records of Hidalgo County.**

Tract RGV-RGC-2217 is 61.01 acres of vacant brush land, adjacent to the Juan Diego Academy, depicted in Schedule D (Doc. 2 at 22). The legal description for Tract RGV-RGC-2217 is compiled from two warranty deeds: Document No. 1999-814019 and Document No. 2011-2219429 (Doc. 2 at 15-20). Reference to both deeds is necessary to clearly identify Tract RGV-RGC-2217 as 61.01 acres of land owned by Defendant that Plaintiff needs to access for survey and site assessment. Reference to Document No. 1999-814019 is required to identify the larger 100.900 acre parcel, encompassing Tract RGV-RGC-2217, which was conveyed to the Diocese in 1999. In 2011, the Diocese conveyed 39.89 acres of the larger 100.900 acre parcel to the Juan Diego Academy; thus, reference to Document No. 2011-2219429 is required to identify the acreage excepted from Plaintiff's temporary easement. Thus, Plaintiff has only taken, and is only requesting immediate possession of, a temporary easement over and across 61.01 acres owned by Defendant, identified as Tract RGV-RGC-2217. Therefore, Defendant's objections to the erroneous reference to Document No. 2011-2219429 in the legal description for Tract RGV-RGC-2217 should be overruled.

## CONCLUSION

Defendant's objections to the transfer of possession and the government project generally are not valid defenses to a taking as a matter of law, and the Court should grant the United States' Motion for Order of Immediate Possession.

          Respectfully submitted,

          **RYAN K. PATRICK**
          United States Attorney
          Southern District of Texas

By:   *s/ John A. Smith, III*
          **JOHN A. SMITH, III**
          Assistant United States Attorney
          Southern District of Texas No. 8638
          Texas Bar No. 18627450
          One Shoreline Plaza
          North Shoreline Blvd., Suite 500
          Corpus Christi, Texas 78401
          Telephone: (361) 888-3111
          Facsimile: (361) 888-3234
          E-mail: jsmith112@usdoj.gov
          Attorney in Charge for Plaintiff

          and

          **MEGAN EYES**
          Assistant United States Attorney
          Southern District of Texas No. 3135118
          Florida Bar No. 0105888
          1701 W. Bus. Hwy. 83, Suite 600
          McAllen, TX 78526
          Telephone: (956) 618-8010
          Facsimile: (956) 618-8016
          E-mail: Megan.Eyes@usdoj.gov
          Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served via regular mail on January 7, 2019, to all parties listed in Schedule G of the Declaration of Taking (Dkt. No. 2).

By:   *s/ John A. Smith, III*
          **JOHN A. SMITH, III**
          Assistant United States Attorney